Reed, J.,
delivered the opinion of the court.
Suit was brought before a justice of the peace upon a *211 note of $200, with interest, dated February 5, 1890, executed by appellant, payable to the order of George R. Smith; on July 1st following, was indorsed in blank by the payee. It appears to have been established and conceded upou the trial that the note was indorsed after maturity, consequently, was open to any defense the maker had against the payee.
Prior to February 1st, the date of the note, Woodbury, Smith and one Simmons had been partners in business. On that date appellant bought Smith’s interest in the business and the partnership was dissolved. In the purchase of such interest, the note in question was made, also another maturing later. At the time of the purchase and dissolution, as appeared by the' partnership books, Smith owed the other members of the firm near $200. Upon the trial appellant claimed to have bought the account from his partners, and attempted to set it off against the note. It was contended by the plaintiff that appellant assumed such indebtedness of Smith at the time of the purchase, and that the notes were given for the balance. The court so found with the exception of one item of about $12.00, which was allowed as a set-off. An appeal was taken to the county court from the judgment of the justice of the peace; a trial had to the court, judgment for plaintiff for $195.55, sustaining the judgment below. Appeal was taken, and the ease came into this court.
Upon the trial the note was offered in evidence; it was objected to because the signature of the maker had not been proved, and it was not shown that the plaintiff was the owner of the note. The objection was overruled, note admitted in evidence, and plaintiff rested. Defendant moved for a non-suit on the same grounds contained in the objection above stated. The motion was denied, and the denial assigned for error. This is the only error relied upon in argument.
The note was negotiable, the title passed by the indorsement, its transfer after maturity was conceded, and the defendant allowed to interpose any defense he had against the payee ; consequently, it was to the defendant a matter of no *212 importance who owned the note. Such questions only become important when the transfer prevents a defense.
It is very doubtful under our'statute whether plaintiff is required to prove the execution of the note unless its execution is denied under oath, but it is not necessary to decide the question in this ease. Instead of relying upon his motion for a nonsuit, defendant went on and interposed his defense, himself testifying to its execution and delivery. “ After the overruling of a motion for a nonsuit the error is obviated by evidence of the party in his own behalf, which supplies the defect existing in that of the plaintiff.” Railway Co. v. Henderson, 10 Colo. 1; Jennings v. First Nat’l Bank, 13 Colo. 417.
■ This supposed error being the only one relied upon by counsel, and the judgment being warranted by the evidence, it will be affirmed.

Affirmed.